UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brick Houston,<br><br>    Plaintiff<br><br>v.<br><br>Dewright Neven, et al.,<br><br>    Defendants | **2:16-cv-01263-JAD-PAL**<br><br>**Order Dismissing and Closing Case** |

On January 31, 2017, I screened Brick Houston's § 1983 complaint and ordered him to file an updated address with the court by March 2, 2017. I expressly cautioned Houston that failure to file an updated address by this deadline would result in dismissal of this case without further notice. Because Houston has not filed an updated address with the court or otherwise responded to my order, I now dismiss this case without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[1] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[2] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[1] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[2] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[3]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[4]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[5]  My January 31, 2017, order expressly warned Houston that if he did not file an updated address with the court this case would be dismissed without further warning.  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.  Accordingly,

IT IS HEREBY ORDERED that this case is **DISMISSED** without prejudice based on Houston's failure to comply with my January 31, 2017, order directing him to file an updated address with the court.

IT IS FURTHER ORDERED that Houston's application to proceed *in forma pauperis* **[ECF No. 5] is DENIED** as moot, and the inmate early mediation conference scheduled for March 31, 2017, is **VACATED.**

The Clerk of Court is directed to CLOSE THIS CASE.

Dated this 13th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[5] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.